Office of the Attorney General · State of Texas



June 21, 2000

The Honorable Nolan B. Wickel, Jr.
Henderson County Attorney
Henderson County Courthouse, Room 100
Athens, Texas 75751

Opinion No. JC-0232

Re: Whether a state salary supplement should be included in determining who is the "highest paid elected county officer" for purposes of section 150.032 of the Texas Local Government Code (RQ-0174-JC)

Dear Mr. Wickel:

The Local Government Code provides that the total compensation that may be paid to a county auditor may not exceed the amount received by the highest paid elected county officer who is not a statutory county court judge. You ask whether the calculation of the compensation of the "highest paid elected county officer" includes the salary supplement derived from state funds. For the reasons set forth below, we conclude that the state salary supplement should be included in the calculation.

The county auditor's salary is set by majority vote of the district judges. TEX. LOC. GOV'T CODE ANN. § 152.031(a) (Vernon 1999). Section 152.032 of the Local Government Code provides, in relevant part:

> (a) The amount of the compensation and allowances of a county auditor may not exceed the amount of the compensation and allowances received from all sources by the highest paid elected county officer, other than a judge of a statutory county court, whose salary and allowances are set by the commissioners court.

*Id.* § 152.032(a). Under the terms of this statute, a county auditor's "compensation and allowances" are limited to those of "the highest paid elected county officer other than a judge of a statutory county court." Two qualifications are imposed: (1) the referenced "highest paid elected county officer" must be one "whose salary and allowances are set by the commissioners court"; and (2) the relevant amount of "compensation and allowances" includes that which is "received from all sources." District judges and district attorneys are excluded from the calculation required by section 152.032 because their compensation is set by the legislature. TEX. CONST. art. 5, § 1-a; TEX. GOV'T CODE ANN. § 46.003(a) (Vernon Supp. 2000).

You indicate that the county attorney is the highest paid elected county officer in Henderson County. Telephone Conversation with Honorable Nolan B. Wickel, Jr., Henderson County Attorney (May 2, 2000). A county attorney who fulfills certain criteria is entitled to a salary supplement according to a complex formula described in section 46.0031 of the Government Code. TEX. GOV'T CODE ANN. § 46.0031 (Vernon Supp. 2000). A county attorney who receives, from state and county funds combined, a salary "that is equal to or exceeds 80 percent of the benchmark salary," is prohibited from engaging in the private practice of law. *Id.* § 46.005. The "benchmark salary" is defined as "the salary that is provided for a district judge in the General Appropriations Act." *Id.* § 46.001.

The question before us is how to apply the two qualifications of section 152.032 of the Local Government Code. If one focuses solely on the "received from all sources" language, it is evident that the state supplement must be included. On the other hand, it has been suggested that the supplement should not be included because it is derived from state funds and, as a consequence, "set" by the legislature rather than by the commissioners court.

In our opinion, this view is misplaced. The salary supplement is not paid directly to the county attorney, but rather to the county:

> (d) At least annually the comptroller shall pay to the salary fund of each county that is entitled to receive funds under this section an amount authorized under this section to supplement the salary of the county prosecutor.

*Id.* § 46.0031(d). Thus, the full panoply of "salary and allowances" is still "set by the commissioners court." Some portion of "salary and allowances" is derived from taxes and fees collected by the county; another portion is derived from the state salary supplement. Furthermore, a commissioners court is specifically prohibited from reducing "the county funds provided for the salary or office of prosecutor as a result of the funds" provided by the state. *Id.* § 46.006. Since section 152.032 of the Local Government Code clearly specifies that the calculation is to include "the amount of compensation and allowances received from all sources," it follows that the state supplement paid to the county attorney should be included in determining the maximum calculation that may be paid to the county auditor.

## S U M M A R Y

The maximum amount of compensation that may be paid to the county auditor of Henderson County is the total amount of compensation paid to the county attorney, including the state salary supplement.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee